IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 1:24-cv-21322

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MAHMUT KOLUK, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT

The United States of America complains and alleges as follows:

1. The United States sues Mahmut Koluk to collect civil penalties assessed against him under 31 U.S.C. § 5321(a)(5) for his failure to report his interest in foreign bank accounts held in 2016, 2017, and 2018. For these failures, Mr. Koluk owes $49,402.33 as of April 9, 2024, and interest and late-payment penalties that continue to accrue.

2. The United States brings this lawsuit to collect these penalties under 31 U.S.C. § 5321(b)(2).

3. This lawsuit is filed pursuant to 31 U.S.C. § 3711(g)(4)(C) at the direction of a delegate of the Attorney General and at the request of a delegate of the Secretary of the Treasury.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355.

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(c)(1) and 1395 because Mr. Koluk resides in Bal Harbour, Florida, within the jurisdiction of this Court.

## **OBLIGATION TO REPORT INTEREST IN FOREIGN ACCOUNTS**

6. Federal law requires every United States person who has a financial interest in, or signatory authority over, foreign financial accounts exceeding $10,000 to report that relationship annually to the Department of the Treasury.

7. To fulfill this requirement, a person must file a form titled "Report of Foreign Bank and Financial Accounts," commonly known as an FBAR. For calendar years 2016, 2017, and 2018, the form was FinCEN Form 114.

8. For years 2016, 2017, and 2018, the required form was due by April 15, 2017, April 15, 2018, and April 15, 2019, respectively.

9. Any person who fails to timely report an interest in a foreign account may be subject to a civil penalty assessed by the Department of the Treasury. Unless the failure is willful, the amount of the penalty may not exceed $10,000, adjusted for inflation. The penalty is subject to interest and further penalties pursuant to 31 U.S.C. § 3717.

## **DEFENDANT WAS A UNITED STATES PERSON DURING THE RELEVANT YEARS**

10. Mr. Koluk became a permanent resident of the United States in 2006.

11. Mr. Koluk became a naturalized United States citizen on January 16, 2016.

12. As a citizen, Mr. Koluk is a "United States person" subject to the FBAR reporting requirements for all relevant years.

## **DEFENDANT'S FOREIGN ACCOUNT BALANCES EXCEEDED $10,000 IN EACH OF THE RELEVANT YEARS**

13. Union Bancaire Privée and Bank Julius Baer & Co. are banks operated and headquartered in Switzerland.

14. On or about August 12, 2015, Mr. Koluk sought from the Internal Revenue Service preclearance to voluntarily disclose reportable foreign financial accounts and income generated within them for the taxable year 2014 and years prior. He withdrew his request.

15. In June 2016, Mr. Koluk filed an FBAR for the year 2015 disclosing, among other accounts, signature authority over a foreign financial account at Bank Julius Baer.

16. Mr. Koluk had a financial interest in, or signatory authority over, the following foreign bank accounts with the following high balances for the years listed below:

| Bank | Account Number | 2016 | 2017 | 2018 |
|---|---|---|---|---|
| Union Bancaire Privée | XXXXXX7794 | $655,153.00 | $1,018,725.00 | $1,206,236.00 |
| Bank Julius Baer & Co. | XXXXXX33.01 | $2,002,910.00 | $3,030,904.00 | $3,641,876.00 |

17. Because the maximum aggregate balance of Mr. Koluk's foreign accounts exceeded $10,000 for each of these years, Mr. Koluk was required to report his financial interest in these accounts in a timely filed FBAR each year.

18. Mr. Koluk failed to report his financial interest in these accounts.

**FBAR PENALTY ASSESSMENTS**

19. Section 5321(a)(5) of Title 31 of the United States Code authorizes civil penalties for failure to timely file necessary FBARs.

20. The statute of limitations for the assessment of an FBAR penalty is six years from the date the report was due.

21. The earliest statute of limitations for assessment of FBAR penalties for the years 2016, 2017, and 2018, was April 15, 2023.

22. In 2017 the IRS began examining Mr. Koluk's tax and FBAR compliance. On November 9, 2021, the IRS sent Letter 3709 to Mr. Koluk proposing non-willful FBAR penalties.

23. Mr. Koluk failed to respond to the Letter 3709.

24. On April 14, 2022, the IRS timely assessed FBAR penalties against Mr. Koluk in the amount of $13,640.00 for each account for each of the relevant years, 2016, 2017, and 2018, adjusted for inflation in accordance with 31 C.F.R. § 1010.821.

25. If a person meets certain threshold conditions, the IRS may exercise discretion in mitigating the amount of the FBAR penalties. The IRS determined that Mr. Koluk did not qualify for mitigation because he failed to cooperate during the IRS examination.

26. On April 28, 2022, the IRS sent Letter 3708 to Mr. Koluk giving Mr. Koluk notice that he was assessed FBAR penalties for the years 2016, 2017, and 2018 in the total amount of $81,840.00 and demanding payment.

27. Despite notice and demand for payment, Mr. Koluk has failed to pay the FBAR penalties assessed against him.

28. Following the Supreme Court's decision in *Bittner v. United States*, 598 U.S. 85 (2023), the IRS reduced the penalties against Mr. Koluk to one $14,489.00 penalty for each year.

29. Mr. Koluk owes $49,402.33 as of April 9, 2024, and interest and late-payment penalties that continue to accrue.

30. Pursuant to 31 U.S.C. § 3717, interest and failure-to-pay penalties have accrued, and continue to accrue, on the assessments against Mr. Koluk.

## COUNT 1

### JUDGMENT FOR UNPAID FBAR PENALTIES

31. The United States incorporates by reference paragraphs 1–30.

32. Under 31 U.S.C. § 5321, the United States must bring an action to collect an FBAR penalty within two years of the assessment.

33. This action is timely for all relevant years because it has been brought within two years of each assessment.

34. As of April 9, 2024, Mr. Koluk is liable to the United States for $49,402.33 in penalties assessed against him for his FBAR reporting violations, together with interest and late-payment penalties to the date of payment.

### RELIEF REQUESTED

WHEREFORE, the United States prays that the Court:

A. Enter judgment in favor of the United States of America and against the Defendant, Mahmut Koluk, for his unpaid FBAR penalties totaling $49,402.33 as of April 9, 2024, plus penalties and interest that continue to accrue from that date; and

B. Grant the United States of America such other and further relief as is just and proper.

| | |
|---|---|
| Dated: April 9, 2024. | Respectfully Submitted,<br><br>DAVID A. HUBBERT<br>Deputy Assistant Attorney General |
| By: | */s/ Christina T. Lanier*<br>CHRISTINA T. LANIER<br>Special Bar I.D. A5502822<br>D.C. Bar No. 1779680<br>Trial Attorney, Tax Division<br>U.S. Department of Justice<br>Post Office Box 14198<br>Washington, D.C. 20044<br>Telephone: (202) 765-4908<br>Facsimile: (202) 514-4963<br>E-Mail: Christina.T.Lanier@usdoj.gov<br>*Attorney for the United States of America*<br><br>*Of Counsel:*<br><br>MARKENY LAPOINTE<br>United States Attorney<br>Southern District of Florida |

## CERTIFICATE OF COMPLIANCE

I certify that this document complies with the formatting requirements of Local Rules 5.1(a)(4) and (5).

> */s/ Christina T. Lanier*
> CHRISTINA T. LANIER
> Trial Attorney, Tax Division
> U.S. Department of Justice